IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH BRIDGEWATER,

    Plaintiff,                        No. CIV S-10-2971 GEB DAD P

    vs.

MATTHEW CATE et al.,

    Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $3.62 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified Matthew Cate, James Walker, Richard Taylor, P. Albee, and John/Jane DOES 1-15 as the defendants.  In his complaint, plaintiff alleges as follows.  Plaintiff has received a medical chrono for a lower bunk.  However, on or about

3

August 25, 2009, he and his cellmate, who also has a medical chrono for a lower bunk, traded cells with another inmate. Correctional Officers Hazelwood and Turner assigned plaintiff's cellmate to the lower bunk and assigned plaintiff to the upper bunk. Plaintiff tried to tell the officers that he needed a lower bunk too, but they ignored him. Approximately one week later, plaintiff attempted to access the upper bunk in his new cell but fell and hit his head on the lower bunk. Plaintiff was knocked unconscious and later learned that he suffered a concussion. Plaintiff claims that the named defendants have been deliberately indifferent to his serious medical needs and disregarded an excessive risk to his health and safety. Plaintiff also asserts a state law claim for negligence. (Compl. Attach. 1-13.)

**DISCUSSION**

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423

4

U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is advised that, if he elects to proceed with this action by filing an amended complaint, he will need to allege facts clarifying why he has chosen to name the defendants in this action.  In his original complaint, plaintiff has not included any specific allegations of wrongdoing against defendants Cate, Walker, Taylor, and Albee.  In particular, plaintiff has not alleged that these defendants had any specific knowledge of plaintiff, of plaintiff's medical chrono, or of any substantial risk of harm posed to plaintiff's health or safety.  On the other hand, plaintiff has alleged that Officers Hazelwood and Turner had such knowledge, but plaintiff has not named either of them as defendants.

Plaintiff is also advised of the following legal standards that appear to govern his claims.  First, to the extent that plaintiff wishes to proceed on an Eighth Amendment inadequate medical care claim, he is advised that he must allege how each defendant's conduct rose to the level of "deliberate indifference" to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  A deliberate indifference claim predicated upon the failure to provide medical treatment has two elements:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (an Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."), overruled on

5

other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

To the extent that plaintiff wishes to proceed in this action on an Eighth Amendment failure to protect claim, he will similarly need to allege how each defendant's conduct rose to the level of "deliberate indifference" to his safety.  A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Prison officials do not incur constitutional liability for every injury suffered by a prisoner. Id. at 834.  "[P]rison officials who lacked knowledge of a risk cannot be said to have inflicted punishment. . . ." Id. at 844.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.62.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
3  amended complaint in accordance with this order will result in a recommendation that this action
4  be dismissed without prejudice.
5      5. The Clerk of the Court is directed to send plaintiff the court's form for filing a
6  civil rights action.
7  DATED: July 18, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brid2971.14