IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH BRIDGEWATER,

    Plaintiff,           No. 2:10-cv-2971 GEB DAD P

   vs.

MATTHEW CATE, et al.,

    Defendants.      <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

       On January 31, 2013, the court ordered defense counsel to inform the court in writing whether counsel was willing to accept service of process on behalf of defendant Hicks and/or defendant Hazlewood and whether counsel would represent either or both of those defendants. In accordance with the court's order, counsel has informed the court that she will accept service for former Secretary of the California Department of Corrections and Rehabilitation R. Hickman but that she cannot accept service for defendant Hazlewood because she has not been able to locate him. Good cause appearing, within thirty days of the date of this order, defendant Hickman shall file a response to plaintiff's amended complaint.

/////

As to defendant Hazlewood, neither the United States Marshal nor defense counsel has been able to locate him.  Accordingly, the court will recommend that he be dismissed from this action if plaintiff cannot provide additional information within thirty days which would allow the United States Marshal to serve him.  See Fed. R. Civ. P. 4(m).  Plaintiff shall promptly seek such information through the California Public Records Act, California Government Code § 6250, et seq., or other means available to plaintiff, if plaintiff still wishes to attempt to proceed against defendant Hazlewood.  Alternatively, plaintiff may move to voluntarily dismiss this defendant.

Also pending before the court is plaintiff's motion to amend his complaint.  In his motion, plaintiff explains that he would like to correct the spelling of the defendant identified as "Hicks" to "Hickman."  In the interest of judicial economy and good cause appearing, the court will not direct plaintiff to file a proposed second amended complaint.  See 28 U.S.C. § 1915A; Local Rule 220.  Rather, the court will deem the first amended complaint amended to name "R. Hickman" instead of "Hicks" as the defendant in this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of this order, defendant Hickman shall file a response to plaintiff's amended complaint;

2. The Clerk of the Court is directed to send to plaintiff one USM-285 form, one summons, an instruction sheet, and a copy of the amended complaint (Doc. No. 15);

3. Within thirty days from the date of this order, plaintiff shall complete and submit the attached Notice of Submission of Documents to the court with the following documents:

    a. One completed USM-285 form for defendant Hazlewood;

    b. Two copies of the amended complaint filed; and

    c. One completed summons form.

/////

Alternatively, plaintiff may file a motion to voluntarily dismiss defendant Hazlewood from this action; and

    4. Plaintiff's motion to amend (Doc. No. 38) is granted. The first amended complaint is deemed amended to name R. Hickman instead of Hicks as the defendant in this action.

DATED: March 28, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brid2971.mta

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH BRIDGEWATER,

    Plaintiff,

    vs.

MATTHEW CATE, et al.,

    Defendants.

_____/

No. 2:10-cv-2971 GEB DAD P

NOTICE OF SUBMISSION

OF DOCUMENTS

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ <u>one</u> completed summons form;

    _____ <u>one</u> completed USM-285 form; and

    _____ <u>two</u> true and exact copies of the amended complaint.

DATED: _____.

    _____
    Plaintiff