IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH BRIDGEWATER,

    Plaintiff,                    No. 2:10-cv-2971 GEB DAD P

    vs.

MATTHEW CATE, et al.,        ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis, seeking relief pursuant to 42 U.S.C. § 1983. For the reasons discussed herein, the court recommends that defendant Hazlewood be dismissed from this action without prejudice.

        By way of background, on July 26, 2012, the undersigned screened plaintiff's amended complaint, finding that it appeared to state a cognizable claim for relief against defendants Hazlewood, Hickman, Turner, and Virga and instructed plaintiff to complete and return the documents necessary to effect service on those defendants. Plaintiff did so, and on August 27, 2012, the undersigned directed the United States Marshal to serve the defendants with plaintiff's amended complaint. Defendants Turner and Virga waived service and filed a motion to dismiss. However, the United States Marshal was unable to effect service on defendant Hazlewood because the defendant is no longer employed at CSP-Sacramento, and although the

service documents had been forwarded, the forwarded mail had been stamped "return to sender." The United State Marshal had not completed service on defendant Hickman.

On January 31, 2013, in the interest of judicial economy, the court directed counsel for defendants to inform the court whether counsel was willing to accept service of process on behalf of defendants Hazlewood and/or defendant Hickman. Defense counsel informed the court that she would accept service for former Secretary of the California Department of Corrections and Rehabilitation R. Hickman but could not accept service for defendant Hazlewood because she had not been able to locate him. On March 29, 2013, the court advised plaintiff that the court would dismiss defendant Hazlewood if plaintiff could not provide additional information to the court that would allow the United States Marshal to serve this defendant. Plaintiff has since filed a motion seeking further judicial intervention and submitted a new USM-285 form with information for service of process with respect to defendant Hickman but not defendant Hazlewood.

At this point, the court finds that plaintiff cannot show good cause for the failure to effect service on defendant Hazlewood. Although plaintiff has had nearly a year to provide the court with the information necessary to enable the United States Marshal to serve defendant Hazlewood, he has failed to provide the court with a current address for this defendant. Moreover, the court has already intervened on plaintiff's behalf and sought the necessary information for service on defendant Hazlewood from defense counsel to no avail. The motion to dismiss filed on behalf of defendants Turner, Virga and Hickman[1] has been pending before the court since December 4, 2012. Plaintiff will be directed to file an opposition to that motion to dismiss within thirty days, and the case will proceed on plaintiff's amended complaint and the claims set forth therein against these defendants.

/////

---

[1] Defendant Hickman has requested to join defendant Turner and Virga's motion to dismiss. Good cause appearing, the court will grant defendant's request.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of service of this order plaintiff shall file an opposition to defendants' motion to dismiss.  Defendants shall file a reply, if any, in accordance with Local Rule 230(l); and

2. Defendant Hickman's request to join defendant Turner and Virga's motion to dismiss is granted.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for further judicial intervention in connection with his attempts to locate defendant Hazlewood (Doc. No. 41) be denied; and

2. Defendant Hazlewood be dismissed without prejudice.  See Fed. R. Civ. P. 4(m) and 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 31, 2013.

／s／ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brid2971.4m