IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH BRIDGEWATER,

    Plaintiff,

vs.

MATTHEW CATE, et al.,

    Defendants.

No. 2:10-cv-2971 GEB DAD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendants Turner, Virga, and Hickman. Plaintiff has not filed an opposition to the motion.[1] (Doc. No. 25.)

/////
/////
/////
/////

---

[1] On May 31, 2013, the court ordered plaintiff to file an opposition to defendants' motion to dismiss within thirty days. See Order and Findings and Recommendations filed May 31, 2013. (Doc. No. 47.) Nonetheless, plaintiff has failed to do so.

1

## BACKGROUND

Plaintiff is proceeding on an amended complaint against defendants correctional officer Turner, Warden Virga, and former-Secretary Hickman.[2]  Therein, plaintiff alleges as follows.  On or about August 16, 2009, he was moved from administrative segregation to general population.  Prison officials had previously issued plaintiff a lower bunk bed chrono for medical reasons, but during his move to general population, defendant Officer Turner told plaintiff's new cell-mate who also had a lower bunk bed chrono to take the lower bunk bed.  Plaintiff objected to his upper bunk bed assignment, but defendant Officer Turner ignored him.  (Am. Compl. at 5-6.)

On October 9, 2009, plaintiff tried to access the upper bunk bed by means of a metal stool when the support beam of the stool broke, and plaintiff fell and hit his head on the lower bunk bed, rendering him unconscious.  Plaintiff alleges that defendant Officer Turner left him on the floor of his cell until the next watch started at which time those officers brought plaintiff to the medical clinic for an examination.  Plaintiff claims that the defendants have long been aware of the dangers posed by ladderless bunk beds and have been deliberately indifferent and negligent in assigning inmates to such bunk beds.  (Am. Compl. at 3, 8-10.)

## ANALYSIS

Defense counsel moves to dismiss plaintiff's amended complaint on the following grounds:  (1) it fails to state a claim based on prison officials' alleged failure to equip bunk beds with a ladder; (2) defendants are entitled to qualified immunity because no clearly established law states that a ladderless bunk bed violates the Eighth Amendment; (3) plaintiff failed to

---

[2]  On July 26, 2012, the undersigned screened plaintiff's amended complaint and found that it appeared to state a cognizable claim for relief against defendants Turner, Virga, Hickman, and Hazlewood.  However, the United States Marshal has been unable to effect service on defendant Hazlewood based on the information plaintiff has provided on form USM-285.  See Order filed July 26, 2012.  (Doc. No. 18.)  On May 31, 2013, the undersigned determined that plaintiff could not show good cause for failure to effect service on this defendant and issued findings and recommendations, recommending that defendant Hazlewood be dismissed without prejudice.  Those findings and recommendations are pending before the assigned District Judge.  See Order and Findings and Recommendations filed May 31, 2013.  (Doc. No. 47.)

exhaust his administrative remedies with respect to his claim that defendant Officer Turner failed to summon medical attention for plaintiff after he fell; and (4) plaintiff's complaint fails to state a negligence claim, and in any event, plaintiff cannot proceed on any state law claims because he has failed to allege compliance with the Government Claims Act. (Defs.' Mot. to Dismiss at 6-13.)

I. Motion to Dismiss for Failure to State a Claim

The court will first address defense counsel's contention that plaintiff's amended complaint fails to state a cognizable claim based on prison officials' failure to equip bunk beds with a ladder.[3] A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v.

---

[3] In his amended complaint, plaintiff summarily alleges that ladderless bunk beds violate the Eighth, Fifth, and Fourteenth Amendments. However, as defense counsel argues in the pending motion, plaintiff has not alleged any facts to support a Fifth Amendment claim or a Fourteenth Amendment claim pursuant to the Due Process or Equal Protection clauses. See, e.g., Sandin v. Conner, 515 U.S. 472 (1995); Wolff v. McDonnell, 418 U.S. 539 (1974); Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205 (9th Cir. 2009). Under these circumstances, the court will analyze plaintiff's ladderless bunk bed claim under the Eighth Amendment and recommend granting defendants' motion to dismiss plaintiff's Fifth and Fourteenth Amendment claims for failure to state a cognizable claim.

1  King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.
2  738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a
3  motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen,
4  395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations,
5  unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643
6  F.2d 618, 624 (9th Cir. 1981).

7         In general, pro se pleadings are held to a less stringent standard than those drafted
8  by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe
9  such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).
10 However, the court's liberal interpretation of a pro se complaint may not supply essential
11 elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
12 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

13         In this case, the court agrees with defense counsel that plaintiff's amended
14 complaint fails to state a claim against defendants for failure to equip bunk beds with ladders.
15 The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const.
16 amend. VIII.  It is well established that the "unnecessary and wanton infliction of pain"
17 constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley
18 v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977);
19 Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel
20 and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good
21 faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."
22 Whitley, 475 U.S. at 319.  To state an Eighth Amendment claim, plaintiff must show that
23 objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had
24 a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v.
25 Seiter, 501 U.S. 294, 298-99 (1991).
26 /////

Courts throughout the Ninth Circuit as well as federal courts in other circuits have consistently held that a ladderless bunk bed in and of itself does not rise to the level of cruel and unusual punishment in violation of the Eighth Amendment. As defense counsel observes, one of the judges of this court recently addressed this very issue. See Millsap v. Cate, No. 2:10-cv-02008 MCE EFB, 2012 WL 1037949 (E.D. Cal. Mar. 27, 2012). In Millsap, plaintiff alleged that he tried to gain access to the upper bunk bed, but the stool he used to do so collapsed and caused him to fall backwards onto a desk and then onto the floor. 2012 WL 1037949 at *1  The assigned magistrate judge in Millsap issued findings and recommendations, recommending that defendants' motion to dismiss for failure to state a claim be denied because plaintiff sufficiently alleged that the cell design posed a substantial risk of serious harm to him and that the defendants were aware of the risk after they processed the plaintiff's and other inmates' appeals complaining about the cell design. Id. at *4.

In rejecting those findings and recommendations, the assigned district judge observed that "[m]ultiple district courts in the Ninth Circuit have held that the failure of prison officials to equip prison cells with a ladder or some other 'safety apparatus' to assist inmates in ascending to and descending from bunk beds does not amount to the deprivation of 'a minimally civilized measure of life's necessities.'" Id. (citing Hiscox v. Martel, No. CIV S-10-0467 JAM CKD, 2011 WL 5241277 at *2-3 (E.D. Cal. Nov. 1, 2011) ("prison officials' failure to provide a ladder or other safety features may not reasonably be characterized as deliberate deprivation of a human need or as a condition that placed plaintiff's health or welfare in imminent danger."); Wiseman v. Cate. No. 1:10-cv-00024-OWW-SMS, 2011 WL 846208 at *2 (E.D. Cal. Mar. 4, 2011) ("The failure to provide bunk ladders is simply not a condition so grave that it deprives Plaintiff of the minimal civilized measure of life's necessities."); Robinett v. Correctional Training Facility, No. C 09-3845 SI, 2010 WL 2867696 at *2-3 (N.D. Cal. July 20, 2010) ("Requiring an able-bodied inmate to use a bunk bed with two climbing steps without a ladder or handrail does not deny him the minimal civilized measure of life's necessities.")). Likewise, the

assigned district judge noted that "[f]ederal courts in other circuits also 'universally espouse the view that a ladderless bunk is *not* a sufficiently unsafe living condition warranting Eighth Amendment protection.'" Id. (quoting Jenkins v. Fischer, No. 9:08-CV-0045, 2010 WL 6230517 at *5 (N.D.N.Y, Sept. 8, 2010)).

The reasoning in Millsap, and of the cases cited therein, is persuasive. Plaintiff has not filed an opposition to the pending motion or alleged facts in his amended complaint that would distinguish this case from those cases. Accordingly, defendants motion to dismiss plaintiff's Eighth Amendment claim based on defendants alleged failure to equip bunk beds with ladders should be granted, and defendants Warden Virga and former-Secretary Hickman should be dismissed from this action.[4]

## II. Motion to Dismiss for Failure to Exhaust Administrative Remedies

Next, the court will address defense counsel's argument that plaintiff failed to exhaust his administrative remedies with respect to his claim that defendant Officer Turner refused to provide him with adequate medical care after he fell. By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion

---

[4] In the pending motion to dismiss, defense counsel argues that the defendants are also entitled to qualified immunity because no clearly established law holds that ladderless bunk beds violate the Eighth Amendment. In Millsap, the assigned district judge determined that the defendants in that case were entitled to qualified immunity. Specifically, the court explained that it could not conclude that a reasonable officer would believe his decision to refuse the plaintiff's request for a ladder or other safety apparatus would violate the plaintiff's constitutional rights in light of the virtually universal recognition that the absence of such ladders or apparatuses in prison cells with bunk beds does not present such an unsafe condition so as to violate the Eighth Amendment. Millsap, 2012 WL 1037949 at *6. Therefore, it would appear that defense counsel's argument in this case for qualified immunity is well taken. However, in light of the undersigned's conclusion that plaintiff's amended complaint fails to state a cognizable Eighth Amendment claim based on defendants' failure to equip bunk beds with ladders, the undersigned need not address defendants' alternative argument that they are entitled to qualified immunity with respect to that claim.

1  requirement "applies to all inmate suits about prison life, whether they involve general
2  circumstances or particular episodes, and whether they allege excessive force or some other
3  wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

4    The United States Supreme Court has ruled that exhaustion of prison
5  administrative procedures is mandated regardless of the relief offered through such procedures.
6  See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against
7  reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6.
8  Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA
9  exhaustion requirement by filing an untimely or otherwise procedurally defective administrative
10 grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust
11 administrative remedies prisoners 'must complete the administrative review process in
12 accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but
13 by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting
14 Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)
15 ("The California prison system's requirements 'define the boundaries of proper exhaustion.'").

16   In California, prisoners may appeal "any policy, decision, action, condition, or
17 omission by the department or its staff that the inmate or parolee can demonstrate as having a
18 material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, §
19 3084.1(a). Most such inmate appeals progress through three levels of review. See id. § 3084.7.
20 The third level of review constitutes the decision of the Secretary of the California Department of
21 Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. §
22 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate
23 level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d
24 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

25   The PLRA exhaustion requirement is not jurisdictional but rather creates an
26 affirmative defense. See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or

7

demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. That burden, however, is "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The defendants need only show the existence of an inmate grievance procedure that plaintiff did not use. Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996) and Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005)).

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively made unavailable to him. Albino, 697 F.3d at 1031. For example, where prison officials improperly screen out inmate grievances, they render administrative remedies effectively unavailable to the prisoner. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). In such a case, "the inmate cannot pursue the necessary sequence of appeals . . . ." Id. See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was precluded from exhausting administrative remedies by a warden's mistaken instruction to him that a particular unavailable document was needed for him to pursue his inmate appeal).

If the district court concludes that the prisoner has not exhausted administrative remedies and is not excused from doing so, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

In this case, based on the evidence presented by defendants in connection with the pending motion to dismiss, the court finds that plaintiff did not properly exhaust his administrative remedies with respect to his claim that defendant Officer Turner failed to provide him with adequate medical care after he fell while attempting to get into his upper bunk. It is true that in order to satisfy the exhaustion requirement, a prisoner is not required to allege every fact necessary to state or prove a legal claim in his administrative appeal. See Griffin v. Arpaio,

8

557 F.3d 1117, 1120 (9th Cir. 2009) (absent a prison grievance procedure statement to the contrary, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'") (quoting Strong v. Davis, 297 F.3d 646, 650 7th Cir. 2002)). However, at a minimum, a prisoner must "provide enough information . . . to allow prison officials to take appropriate responsive measures." Griffin, 557 F.3d at 1121.

In Griffin, the plaintiff had fallen while trying to access an upper bunk and filed an inmate appeal stating that he had injured himself when he fell. Griffin, 557 F.3d at 1118. Griffin requested a ladder or a permanent step to access the top bunk. See id. While his administrative appeal was pending, a prison nurse issued him an order for a lower bunk assignment. See id. at 1118-19. In response to Griffin's inmate appeal, a prison official stated that the nurse's order resolved the problem. See id. at 1119. Griffin maintained, however, that prison staff disregarded the nurse's order. See id. Griffin appealed the prison official's decision to the Jail Commander and then to the external referee, but he never mentioned in his appeals that prison staff was disregarding the nurse's order that he receive a lower bunk assignment. See id. Both the Jail Commander and the external referee responded to Griffin's inmate appeal that the nurse's order addressed his problem, and no further action was necessary. See id.

The Ninth Circuit held that Griffin failed to properly exhaust his deliberate indifference claim against the prison staff defendants. Griffin, 557 F.3d at 1118 & 1121. Specifically, the Ninth Circuit determined that Griffin did not provide prison officials with notice that the prison staff disregarded the nurse's order that he receive a lower bunk assignment, and the officials responding to his appeal reasonably concluded that the nurse's order solved the problem about which he was complaining. See id. The court noted that rather than clarifying the problem for the Jail Commander or the external referee, in his inmate appeals Griffin had continued to simply demand a ladder. See id. The Ninth Circuit concluded that Griffin's inmate appeal did not "provide enough information . . . to allow prison officials to take appropriate responsive measures." Id.

Similarly, in this case, plaintiff filed one inmate appeal, SAC-C-09-01694, related to the claims he asserts in this action. In that inmate appeal plaintiff complained that prison officials had been deliberately indifferent to his safety by failing to provide him with adequate means to access the top bunk bed. Plaintiff also complained that defendant Officer Turner assigned him to the upper bunk knowing that he had a lower bunk chrono. Plaintiff explained that, as a result of the ladderless bunk bed, he fell and suffered various injuries. However, as defense counsel observes in the pending motion to dismiss, plaintiff never complained that defendant Officer Turner failed to summon medical care for him after he fell. (Defs.' Mot. to Dismiss (Doc. No. 25), Daly Decl. Ex. G.)

The Ninth Circuit has made clear that the primary purpose of an inmate appeal is "to notify the prison of a problem." Griffin, 557 F.3d at 1120. Here, plaintiff's allegations set forth in his inmate appeal could not have alerted prison officials to any problem he allegedly experienced with defendant Officer Turner or with the medical care plaintiff received after he fell. In this regard, plaintiff's administrative grievance simply did not give prison officials a fair opportunity to respond to the issue he has now presented in his claim against defendant Turner in this action. Nor has plaintiff submitted any argument or evidence showing, or even suggesting, that he should be excused from complying with the PLRA's exhaustion requirement. See Albino, 697 F.3d at 1031. Accordingly, defendants' motion to dismiss plaintiff's claim against defendant Officer Turner for failing to provide him with adequate medical care after he fell should be granted.[5]

III.  Motion to Dismiss Plaintiff's State Law Claims

Finally, the court turns to defense counsel's argument that plaintiff's complaint fails to state a cognizable negligence claim and that, in any event, plaintiff cannot proceed on any

---

[5] As defense counsel acknowledges, plaintiff may still proceed on his Eighth Amendment deliberate indifference claim against defendant Officer Turner for assigning him to an upper bunk even though the officer knew that plaintiff had a lower bunk chrono. (Defs.' Mot. to Dismiss (Doc. No. 25) at 2.)

state law claims because he has not alleged compliance with the Government Claims Act ("GCA").  Under the GCA, a claimant may not maintain a state law tort cause action for damages against a state employee unless he has first presented a written claim to the state Victim Compensation and Government Claims Board, and the Board has acted on it.  See Cal. Gov't. Code §§ 905, 905.2, 945.4, & 950.2.  State law claims are subject to dismissal for failure to comply with GCA.  See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

In this case, even assuming for the sake of argument that plaintiff's amended complaint states a cognizable negligence claim under state law, plaintiff has not alleged that he complied with the GCA claim requirement.  Nor would plaintiff be able to submit such a claim at this late stage because his negligence claim accrued no later than 2009 and would be subject to dismissal in any event.  See Cal. Gov't. Code § 911.2 (a claimant must have submitted any such claim "not later than six months after the accrual of the cause of action.").

Accordingly, defendants' motion to dismiss plaintiff's state law claims for failure to allege compliance with the GCA should be granted.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 25) be granted;

2. Defendants Warden Virga and former-Secretary Hickman be dismissed from this action; and

3. Within thirty days of any order adopting these findings and recommendations, defendant Officer Turner be directed to file an answer to plaintiff's sole remaining claim that defendant Turner was deliberately indifferent to plaintiff's serious medical needs when he assigned plaintiff to an upper bunk knowing that plaintiff had a lower bunk chrono.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brid2971.57