UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BRIDGEWATER,<br><br>                    Plaintiff,<br><br>        v.<br><br>MATTHEW CATE, et al.,<br><br>                    Defendants. | No.  2:10-cv-2971 TLN DAD P<br><br><br><br>ORDER |

  Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On August 9, 2013, the assigned magistrate judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to those findings and recommendations.

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  At the time the magistrate judge issued the findings and recommendations, plaintiff had not filed an opposition to defendants' motion to dismiss.  In his objections to the findings and recommendations, plaintiff avers that he timely submitted a written opposition to the court and has attached a copy of his opposition to his

1

objections. (See Pl.'s Objs. Ex. A.) Although the court has not received plaintiff's opposition until now, it would be an abuse of discretion not to consider plaintiff's submission that is now offered with his objections. See Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004). Accordingly, having carefully reviewed the entire file, the court makes the following findings and orders.

First, the court finds that the magistrate judge's findings and recommendations with respect to plaintiff's Eighth Amendment claims against the defendants Warden Virga and former-Secretary Hickman are supported by the record and by proper analysis. Accordingly, defendants' motion to dismiss plaintiff's claims against defendants Warden Virga and former-Secretary Hickman for failing to equip bunk beds with ladders or other safety apparatuses will be granted.[1]

However, as to the magistrate judge's findings and recommendations addressing plaintiff's alleged failure to exhaust his claims against defendant Turner, the court finds that plaintiff should be excused from the exhaustion requirement. In his objections to the findings and recommendations pending before the court, plaintiff declares that he signed, dated, and submitted an inmate appeal against defendant Turner for ignoring his medical needs after his fall, but he never received a log number or response from prison officials related to the appeal. Plaintiff also declares that he wrote to prison officials several times inquiring about the status of that inmate appeal, but never received a response from them. (See Pl.'s Objs. Ex. A.)

It is well established that a prisoner may be excused from complying with the exhaustion requirement when prison officials make administrative remedies effectively unavailable. See Albino v. Baca, 697 F.3d 1023, 1034 (9th Cir. 2012). The Ninth Circuit has cited with approval the Seventh Circuit's holding that exhaustion is excused when prison officials fail to respond to a

---

[1] Although plaintiff's amended complaint does not state a cognizable claim against the named defendants for their alleged failure to equip bunk beds with ladders or other safety apparatuses, liberally construed, his complaint appears to state a cognizable claim against defendants Warden Virga and former-Secretary Hickman (as well as defendant Officer Turner) for their failure to provide him with adequate medical care. Specifically, plaintiff alleges in his complaint that he had a medical chrono for a lower bunk bed, but defendants knowingly assigned him to an upper bunk bed. Defendants did not move to dismiss this latter claim. Accordingly, this action will proceed on plaintiff's medical care claim as well as the other surviving claims described herein.

properly-filed grievance.  See id. at 1034 n.7.  Here, plaintiff has presented evidence that he submitted an inmate appeal complaining about defendant Officer Turner's failure to provide him with adequate medical care after his fall.  Moreover, plaintiff has presented evidence that when he did not receive a response from prison officials, he filed subsequent inquiries to no avail.  Under these circumstances, the court finds that plaintiff took all "reasonable and appropriate steps" and engaged "a good faith effort" to exhaust administrative remedies, but administrative remedies were effectively unavailable to him.  See id. at 1035.

In light of plaintiff's evidence, the court finds that defendants have not carried their burden of raising and proving the affirmative defense of failure to exhaust administrative remedies.  See Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003).  Defendants had an opportunity to file a reply to plaintiff's objections to refute his contentions and evidence, but they have not done so.  Accordingly, defendants' motion to dismiss plaintiff's claim against defendant Officer Turner for failing to provide him with adequate medical care after his fall will be denied.

Finally, as to the magistrate judge's findings and recommendations with respect to plaintiff's state law negligence claims, the magistrate judge determined that those claims had to be dismissed because plaintiff had failed to allege compliance with the Government Claims Act.  In his objections, plaintiff has included evidence that appears to show that he did comply with the Government Claims Act.  (Pl.'s Objs. Ex. J.)  That is, he presented a claim to the Board, and the Board acted on it.  See Cal. Gov't Code §§ 905, 905.2, 945.4 & 950.2.  Again, the defendants had an opportunity to file a reply to plaintiff's objections to refute plaintiff's contentions and evidence, but they have not done so.  Accordingly, defendants' motion to dismiss plaintiff's state law negligence claim due to plaintiff's alleged failure to comply with the Government Claims Act will also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 9, 2013, are adopted in part and rejected in part;

2. Defendants' motion to dismiss (Doc. No. 25) is granted in part and denied in part as follows:

a. Defendants' motion to dismiss plaintiff's Eighth Amendment claim against defendants Warden Virga and former-Secretary Hickman based on their alleged failure to equip bunk beds with ladders or other safety apparatuses is granted;

b. Defendants' motion to dismiss plaintiff's claim against defendant Officer Turner for failing to provide him with adequate medical care after his fall is denied;

c. Defendants' motion to dismiss plaintiff's state law claims for negligence based on plaintiff's alleged failure to comply with the Government Claims Act is denied; and

3. Within thirty days of the date of this order, defendants Officer Turner, Warden Virga, and former-Secretary Hickman shall file an answer to plaintiff's Eighth Amendment inadequate medical care claims and state law claims for negligence.

Dated: December 11, 2013

Troy L. Nunley
United States District Judge

/brid2971.805