UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BRIDGEWATER, | No. 2:10-cv-2971 TLN DAD P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is defendant Hickman's request for the court to conduct a sua sponte screening of plaintiff's amended complaint as well as defendant Hickman's motion for a second extension of time to file an answer.

By way of background, plaintiff is proceeding on an amended complaint against defendants Turner, Virga, and Hickman. On December 13, 2013, the assigned district judge granted in part and denied in part defendants' motion to dismiss and ordered defendants to file an answer to plaintiff's Eighth Amendment inadequate medical care claims and state law claims for negligence. After granting defendants' motions for an extension of time to file an answer, defendants Turner and Virga filed their answers, and defendant Hickman filed the pending request for the court to conduct a sua sponte screening of plaintiff's amended complaint as well as a motion for a second extension of time to file an answer.

1

1    In defendant Hickman's request for the court to conduct a sua sponte screening of
2 plaintiff's amended complaint, defense counsel argues that defendant Hickman is not a proper
3 party to this action, and the court should dismiss him.  Specifically, in plaintiff's amended
4 complaint, plaintiff complains that he was injured when he fell as he attempted to gain access to
5 the upper bunk bed in 2009.  He alleges that defendant Hickman was at all times mentioned in the
6 complaint the Secretary of the California Department of Corrections and Rehabilitation
7 ("CDCR").  Defense counsel contends, however, that defendant Hickman was no longer the
8 Secretary at CDCR effective March 1, 2006.
9    After reviewing defendant Hickman's request and declaration as well as plaintiff's
10 amended complaint, it appears that defense counsel is correct and that plaintiff probably intended
11 to name Matthew Cate as a defendant.  Matthew Cate was the Secretary at CDCR in 2009.  In
12 fact, plaintiff named Matthew Cate as the defendant in his original complaint, but for some
13 reason, he named R. Hickman as the defendant in his amended complaint.
14    Under these circumstances, the court will direct plaintiff to show cause as to why the court
15 should not dismiss defendant Hickman from this action.  Alternatively, plaintiff may move to
16 voluntarily dismiss defendant Hickman.  In addition, if plaintiff wishes to proceed in this action
17 against Matthew Cate, he may file a motion to amend his complaint together with a proposed
18 second amended complaint to clarify his allegations and claims against former secretary Cate.
19 Finally, the court will relieve defendant Hickman of having to file an answer in this action until
20 further ordered by the court.
21    Good cause appearing, IT IS HEREBY ORDERED that:
22    1.  Defendant Hickman's request for the court to conduct a sua sponte screening of the
23 amended complaint (Doc. No. 67) is granted;
24    2.  Within fourteen days of the date of service of this order, plaintiff shall show cause in
25 writing why the court should not dismiss defendant Hickman; and
26 /////
27 /////
28 /////

3. Defendant Hickman's motion for an extension of time to file an answer to plaintiff's amended complaint (Doc. No. 68) is denied as unnecessary. Defendant Hickman is relieved of having to file an answer in this action until further ordered by the court.

Dated: May 27, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brid2971.osc