UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BRIDGEWATER, | No. 2:10-cv-2971 TLN DAD P |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW CATE et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are several discovery motions filed by of plaintiff.

**BACKGROUND**

Plaintiff is proceeding on an amended complaint. Therein, plaintiff alleges that defendants Turner and Virga were deliberately indifferent to his serious medical needs when they assigned him to an upper bunk knowing that he had a lower bunk chrono. Plaintiff also alleges that defendant Turner was deliberately indifferent to his serious medical needs when he failed to provide plaintiff with adequate medical care after he suffered a fall from the top bunk that rendered him unconscious. Plaintiff claims that the defendants have violated his rights under the Eighth Amendment and state tort law. (Doc. Nos. 15, 50 & 56)

/////

## APPLICABLE LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

## PLAINTIFF'S DISCOVERY MOTIONS

I. Plaintiff's Motion to Compel (Defendant Virga)

Plaintiff has filed a motion seeking an order compelling defendant Virga to produce further responses to plaintiff's Request for Production of Documents Nos. 3-6, primarily pertaining to prison staff duties to summon medical care for prisoners who have suffered physical injuries. Specifically, plaintiff contends that in response to his Request for Production No. 3, defendant Virga "produced 2 of 8 documents which solely pertains to 'medical services to staff' and not 'prisoners' as requested." Plaintiff also contends that defendant Virga improperly objected to his Requests for Production Nos. 4-6. (Pl.'s Mot. to Compel at 5-10 & Exs. 2-4)

In opposition to plaintiff's motion, defense counsel argues that defendant Virga produced more than sixty pages of documents in response to plaintiff's Request No. 3. Counsel contends that plaintiff has not explained in the pending motion how or why the defendant's response is not

1  sufficient but rather only references two pages that he believes are not responsive.  In addition,
2  defense counsel contends that defendant Virga objected to plaintiff's Requests for Production
3  Nos. 4-6 because they improperly requested that the defendant create a document.  Moreover,
4  defense counsel contends that when plaintiff submitted revised requests to counsel, defendant
5  Virga produced additional documents, but that plaintiff filed the pending motion to compel before
6  he received the additional documents.  (Def.'s Opp'n to Pl.'s Mot. to Compel at 2-7 & Boyd
7  Decl. Exs. A-C)

8       Based on the record in this case, the court will deny plaintiff's motion to compel.  With
9  respect to plaintiff's Request for Production No. 3, defendant Virga produced sixty pages of
10 documents (Bates Nos. CDCR0048-CDCR0111) in response to plaintiff's request.  As defense
11 counsel argues, plaintiff has not addressed in his motion to compel how or why these documents
12 are deficient or lacking.  Although the court does not hold litigants proceeding pro se to the same
13 standard that it holds attorneys, at a minimum, plaintiff, as the moving party, has the burden of
14 informing the court why he believes the defendant's production was deficient.  This court will not
15 examine plaintiff's discovery requests and defendant's responses thereto in order to determine
16 whether the defendant's production is somehow inadequate.  See, e.g., Gamez v. Gonzalez, No.
17 1:08-cv-01113 LJO GSA PC, 2015 WL 236684 at *10 (E.D. Cal. Jan. 16, 2015) ("Plaintiff may
18 not simply assert . . . that he is dissatisfied for general reasons with Defendants' objections, and
19 that he wants an order compelling production of documents.").

20      With respect to plaintiff's Requests for Production Nos. 4-6, defense counsel's objection
21 to having to create a document in response to these requests is proper.  Under Federal Rule of
22 Civil Procedure 34, the defendant is only required to produce documents that exist.  In plaintiff's
23 requests, he requested that defendant Virga "describe in written form as much detail as possible"
24 various policies and procedures and practices.  Where, as here, a requested document does not
25 already exist, the responding party's obligation ends.  See, e.g., Atcherley v. Clark, No.
26 1:12cv00225 LJO DLB (PC), 2014 WL 4660842 at *4 (E.D. Cal. Sept. 17, 2014) ("Parties are not
27 required to create documents in response to requests for production."); Price v. Cunningham, No.
28 1:08-cv-00425 AWI BAM PC, 2012 WL 5308337 at *4 (E.D. Cal. Oct. 29, 2012) (same).

1       Moreover, the court notes that after plaintiff received defendant Virga's objections to his
2  Requests for Production Nos. 4-6, plaintiff served defense counsel with revised requests.  Before
3  plaintiff received defendant's supplemental responses (Bates Nos. CDCR0114-CDCR0185),
4  however, plaintiff filed the pending motion to compel.  Plaintiff has not filed a reply in support of
5  his motion to compel indicating whether and/or why the documents defendant Virga produced
6  with his supplemental responses are deficient or lacking.
7       Accordingly, under these circumstances, the court will deny plaintiff's motion to compel
8  defendant Virga to produce further documents in response to his discovery requests.
9  II.  <u>Plaintiff's Motion to Compel (Defendant Turner)</u>
10      Plaintiff has filed a motion to compel defendant Turner to produce further responses to
11  plaintiff's first and second set of Requests for Production of Documents.  Specifically, plaintiff
12  contends that in response to his Requests for Production Nos. 1-3, inquiring about who relieved
13  the defendant on the day in question and also who has assisted the defendant in this litigation,
14  defendant Turner objected because the requests were presented as interrogatories and required the
15  defendant to create a document.  Plaintiff notes that he revised his requests and sent them to
16  defense counsel to no avail.  Plaintiff also contends that in response to his Request for Production
17  No. 5, requesting copies of the defendant's job description as it relates to reporting inmate injuries
18  in need of immediate medical attention, defendant's production (Bates Nos. CDCR0054-
19  CDCR0079) is not responsive because the documents do not outline the defendant's direct
20  responsibility to summon medical treatment.  (Pl.'s Mot. to Compel at 3-8 & Exs. A-C)
21      In opposition to the motion, defense counsel argues that defendant Turner objected to
22  plaintiff's Requests for Production Nos. 1-3 because they again improperly requested that the
23  defendant create a document.  Moreover, although plaintiff served defense counsel with a second
24  set of interrogatories, he served them more than a month after the deadline for doing so had
25  expired.  Finally, counsel contends that in response to plaintiff's Request for Production No. 5,
26  defendant Turner responded with Bates Nos. CDCR0054-CDCR 0079, which consist of the duty
27  statement of a correctional officer and the state regulations for responding to emergencies within
28  the prison.  Counsel contends that these are the only responsive documents in defendant Turner's

1  possession, custody, and control.  (Def.'s Opp'n to Pl.'s Mot. to Compel at 2-7, Boyd Decl. Exs.
2  A-C)
3        Based on the record before the court, the court will deny plaintiff's motion to compel.
4  With respect to plaintiff's Requests for Production Nos. 1-3, again, defense counsel's objection to
5  having to create a document in response to a request for production is proper.  In plaintiff's
6  requests, he requested that defendant Turner "identify" the individual(s) who relieved the
7  defendant on the day in question and also who has assisted him in this litigation.  Where, as here,
8  a requested document does not already exist, the responding party's obligation ends.  See, e.g.,
9  Vallery v. Brown, Civil No. 08cv00095 DMS (RBB), 2011 WL 4722342 at * (S.D. Cal. Oct. 7,
10 2011) ("Defendants are correct that they are not required to create a list of employees in response
11 to a request for documents."); Goolsby v. Carrasco, No. 1:09-cv-01650 JLT (PC), 2011 WL
12 2636099 at *8-*9 (E.D. Cal. July 5, 2011) ("Plaintiff's request is not one for the production of
13 documents.  Rather, it asks Defendant to create a roster of prison officials based on certain
14 criteria.").
15       Moreover, plaintiff attempted to serve a second set of discovery requests on defense
16 counsel, but he served them long after the discovery deadline for doing so had expired.
17 Defendant Turner was not required to respond to these untimely discovery requests.
18       Finally, with respect to plaintiff's Request for Production No. 5, defendant Turner
19 produced documents (Bates Nos. CDCR0054-CDCR0079), which are the only documents the
20 defendant has in his possession, custody, and control.  This court cannot order a defendant to
21 produce documents that do not exist or are not in the defendant's possession or control.  See Fed.
22 R. Civ. P. 34(a)(1); United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450,
23 1452 (9th Cir.1989) ("The party seeking production of documents … bears the burden of proving
24 that the opposing party has such control.").
25       Accordingly, under these circumstances, the court will deny plaintiff's motion to compel
26 defendant Turner to produce further documents in response to plaintiff's discovery requests.
27 /////
28 /////

III.  Plaintiff's Motion for an Extension of Time

Plaintiff has filed a motion seeking a thirty-day extension of time to conduct discovery. Therein, plaintiff contends that the defendants intentionally waited the full forty-five days to respond to his discovery requests and have subjected him to "unfair practices."  In opposition to the motion, defendants argue that plaintiff has not shown diligence in conducting discovery and therefore has not shown good cause to modify the court's discovery and scheduling order.  In reply, plaintiff contends that he filed this motion because at the time he had not received defendant Turner's responses to his discovery requests.

As an initial matter, now that plaintiff has received defendant Turner's responses to his discovery requests, it is not clear whether plaintiff still wishes to pursue this motion for additional time to conduct discovery.  However, even assuming that plaintiff wishes to proceed on this motion, under Rule 16 of the Federal Rules of Civil Procedure, the court may modify the scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." See Johnson v. Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992).  In this regard, the court may modify a scheduling order deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.  See also Zivkovich v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.").

In this case, plaintiff's motion does not establish good cause to modify the discovery and scheduling order.  Specifically, plaintiff has not described what efforts he undertook to meet the discovery deadline previously set by the court in this action.  Although plaintiff complains of defendants taking the full 45 days to respond to his discovery requests, under the court's discovery and scheduling order they were entitled to do so.

Accordingly, the court will deny plaintiff's motion for an extension of time to conduct discovery.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

6

1. Plaintiff's motion to compel defendant Virga to produce further documents in response to his discovery requests (Doc. No. 79) is denied;

2. Plaintiff's motion to compel defendant Turner to produce further documents in response to his discovery requests (Doc. No. 84) is denied; and

3. Plaintiff's motion for an extension of time to conduct discovery (Doc. No. 80) is denied.

Dated: April 8, 2015

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brid2971.mtc