UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BRIDGEWATER,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE et al.,<br><br>    Defendants. | No.  2:10-cv-2971 TLN DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  Pending before the court is a motion for summary judgment filed on behalf of defendants Turner and Virga based in part on plaintiff's alleged failure to exhaust his administrative remedies prior to filing suit as required.  Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

**BACKGROUND**

Plaintiff is proceeding on an amended complaint against defendants Officer Turner and Warden Virga.  Therein, plaintiff alleges as follows.  On or about August 16, 2009, he was moved from administrative segregation to general population.  Prison officials had previously issued plaintiff a lower bunk chrono for medical reasons, but during his move to general population, defendant Officer Turner told plaintiff's new cell-mate, who also had a lower bunk chrono, to take the lower bunk.  Plaintiff objected to his new upper bunk assignment, but defendant Officer

1

Turner ignored him. (Am. Compl. at 5-6.)

On October 5, 2009, plaintiff tried to access the upper bunk by means of a metal stool when the support beam of the stool broke. Plaintiff fell and hit his head on the lower bunk, rendering him unconscious. Plaintiff alleges that defendant Officer Turner left him on the floor of his cell until the next watch started at which time those correctional officers brought plaintiff to the medical clinic for an examination. Plaintiff asserts Eighth Amendment and negligence claims based on defendants Turner and Virga's refusal to provide him with a lower bunk and defendant Turner's failure to summon medical care for him after he fell. (Am. Compl. at 3, 8-10.)

**PROCEDURAL HISTORY**

On December 4, 2012, defendants filed a motion to dismiss plaintiff's complaint based in part on plaintiff's alleged failure to exhaust his administrative remedies prior to filing suit. Although the court ordered plaintiff to file an opposition to the motion, plaintiff failed to do so. On August 9, 2013, the undersigned issued findings and recommendations, recommending that defendants' motion to dismiss be granted. Plaintiff filed objections to those findings and recommendations in which he averred that he had timely submitted to this court his written opposition to defendants' motion to dismiss. Plaintiff attached a copy of his opposition to his objections. Although the court had not received plaintiff's opposition before the undersigned issued the findings and recommendations on defendants' motion to dismiss, the District Judge assigned to this action concluded that it would be an abuse of discretion not to consider plaintiff's submission when conducting a de novo review of the case. (Doc. Nos. 25, 47, 50, 53 & 56)

The District Judge granted defendants' motion to dismiss in part and denied it in part. In relevant part, the court determined that plaintiff should be excused from the exhaustion requirement with respect to his claim that defendant Turner failed to summon medical attention for him after his fall. In plaintiff's objections to the findings and recommendations, plaintiff had declared that he submitted an inmate appeal against defendant Turner with regard to this incident but never received a response from prison officials. Plaintiff also declared that he wrote to prison officials several times inquiring about the status of that inmate appeal but never received a response from them. Defendants had an opportunity to reply to plaintiff's objections and to refute

his contentions and evidence, but they did not do so. The assigned District Judge concluded that, in light of plaintiff's evidence, defendants had not carried their burden of raising and proving the affirmative defense of failure to exhaust administrative remedies. Accordingly, defendants were directed to file an answer to plaintiff's Eighth Amendment inadequate medical care claims and state law negligence claims. (Doc. No. 56)

Defendants have since filed separate answers to plaintiff's amended complaint and, as noted above, defendants have now moved for summary judgment in their favor on plaintiff's claims based once again in part on plaintiff's alleged failure to exhaust his administrative remedies prior to filing suit as required. (Doc. No. 65, 66 & 96)

## THE EXHAUSTION REQUIREMENT

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison

system's requirements 'define the boundaries of proper exhaustion.'").

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

A court may excuse a prisoner from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively rendered unavailable to him. See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014). For example, where prison officials improperly screen out inmate grievances, they can render administrative remedies effectively unavailable. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). In such a case, "the inmate cannot pursue the necessary sequence of appeals . . . ." Id. See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was precluded from exhausting his administrative remedies by a warden's mistaken instruction to him that a particular unavailable document was needed for him to pursue his inmate appeal); Marella, 568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to the necessary grievance forms to timely file his grievance).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that defendants must plead and prove. See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Albino, 747 F.3d at 1168. A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) "[i]n the rare event" that a prisoner's failure to exhaust is clear on the face of the complaint. Albino, 747 F.3d at 1168 & 1169. More typically, defendants are required to move for summary judgment under Federal Rule of Civil Procedure 56 and produce probative evidence that proves a

4

prisoner's failure to exhaust. See id. at 1166. Specifically, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, "the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. If the undisputed evidence viewed in the light most favorable to the prisoner demonstrates a failure to exhaust, the court should grant defendant's motion for summary judgment. Id. at 1166. On the other hand, if there are material facts in dispute, the court should deny defendant's motion summary judgment. Id.

## DEFENDANTS' STATEMENT OF UNDISPUTED FACTS AND EVIDENCE

In support of the pending motion for summary judgment based upon petitioner's alleged failure to exhaust administrative remedies prior to filing suit, defense counsel has submitted a statement of undisputed facts supported by citations to plaintiff's amended complaint and declarations signed under penalty of perjury by Appeals Coordinator Burnett, Acting Chief of the Office of Appeals R. Briggs, Chief of the Inmate Correspondence and Appeals Branch R. Robinson, and Case Manager and Custodian of Records C. Kearns. In addition, defense counsel has submitted a copy of plaintiff's relevant inmate appeals and prison officials' responses thereto as well as a transcript of plaintiff's deposition in this action. The evidence submitted by defense counsel in support of the pending motion for summary judgment establishes the following.

Plaintiff is an inmate of the California Department of Corrections and Rehabilitation ("CDCR") and currently incarcerated at California State Prison, Sacramento ("CSP-Sacramento"). CDCR provides its inmates with a comprehensive administrative appeals process in which prisoners may administratively appeal a decision, action, condition, policy, or omission, made by the Department or its staff which the inmate can demonstrate as having an adverse effect on his welfare. Plaintiff has been incarcerated at CSP-Sacramento from December 28, 2007, to the present. CDCR's inmate appeals process was available to plaintiff at CSP-Sacramento, and plaintiff was aware of it and successfully utilized it numerous times to address medical care and other non-medical-related complaints. (Defs.' SUDF 1, 51-54, Pl.'s Dep. at 5, Briggs Decl.,

Burnett Decl., Gibson Decl., Kearns Decl. Ex. A.)

In this action plaintiff claims that defendants Turner and Virga violated his Eighth Amendment rights by assigning him to an upper bunk contrary to his lower bunk chrono when he moved to Facility C in August 2009. Plaintiff also claims that defendant Turner violated his rights by ignoring his medical needs after he allegedly fell in his cell on October 5, 2009. Finally, plaintiff claims that the defendants were negligent under state law. (Defs.' SUDF 55-57, Pl.'s Am. Compl.)

Plaintiff filed no inmate appeals claiming that defendants Turner or Virga improperly assigned him to an upper bunk contrary to his lower bunk chrono. In 2009, inmates were required to file an inmate appeal within 15 working days of the date of the event about which they were complaining. Plaintiff filed no inmate appeals complaining about his housing or bunk assignment when he was moved to C Facility on August 23, 2009. Plaintiff also filed no inmate appeals complaining that defendant Turner ignored his medical needs after plaintiff allegedly fell in his cell on October 5, 2009. The only inmate appeal plaintiff filed regarding his alleged fall was that assigned Appeal Log No. SAC-09-01694. In that inmate appeal, directed at CDCR, plaintiff complained about the design of cells and how inmates accessed their bunks. (Defs.' SUDF 58-63, Burnett Decl., Briggs, Decl., Gibson Decl., Robinson Decl.)

In January 2010, plaintiff submitted Appeal Log No. SAC C 10-00126. In that inmate appeal, plaintiff listed the inmate appeals he claimed to have submitted prior to January 2010 that prison officials had not responded to yet. At that time plaintiff did not mention or refer to any inmate appeals pertaining to defendants Turner or Virga assigning him to a top bunk or defendant Turner failing to provide medical care to him after he allegedly fell on October 5, 2009. (Defs.' SUDF 64-65, Burnett Decl. Ex. D.)

**ANALYSIS**

For the reasons discussed below, the undersigned finds that defendants have carried their burden of demonstrating that plaintiff failed to exhaust his administrative remedies prior to filing suit as required and will recommend that defendants' motion for summary judgment be granted.

/////

6

I. <u>Law of the Case</u>

As discussed above, in considering defendants' motion to dismiss due to plaintiff's alleged failure to exhaust his administrative remedies prior to filing suit, the court found that defendants had not carried their burden of demonstrating that plaintiff had failed to do so because plaintiff had submitted evidence indicating that administrative remedies may have been effectively unavailable to him with respect to his claim that defendant Turner failed to summon medical care for him after he had fallen.

Federal Rule of Civil Procedure 54(b) provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). <u>See</u> also <u>Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 19997) (courts have discretion to depart from law of the case when first decision is clearly erroneous, there is an intervening change of the law, other changed circumstances exist, or manifest injustice would result). <u>See</u> generally 18B C. Wright & A. Miller, Federal Practice and Procedure § 4478.1 (Last Updated Apr. 2015) (Law of the Case – Trial Courts).

Here, the court has not entered a judgment, so its prior ruling is subject to revision under Rule 54(b). <u>See</u> Fed. R. Civ. P. 54(b). Moreover, at the time defendants had filed their motion to dismiss on the grounds of failure to exhaust, the Ninth Circuit had not yet announced its decision in <u>Albino</u>, which held that defendants should raise the affirmative defense of failure to exhaust administrative remedies on a motion for summary judgment. <u>See Albino</u>, 747 F.3d at 1166. <u>Albino</u> also clarified the parties' burdens with respect to that defense. <u>See id.</u> at 1172. Finally, a court's decision to reconsider its earlier ruling may properly rest on the stage of proceeding a case has reached. <u>See</u> 18B C. Wright & A. Miller, Federal Practice and Procedure § 4478.1 ("A ruling made early in the proceeding may rest on poorly developed facts that have been better developed

by continuing proceedings. In these circumstances, the forward progress of the case encourages reconsideration."). This matter has now reached the summary judgment stage of the litigation, and the parties have developed additional evidence with respect to the issue of exhaustion which was unavailable at the motion to dismiss stage. See id.

II. Discussion

The undersigned now finds that defendants have carried their burden on summary judgment of demonstrating that plaintiff failed to exhaust his Eighth Amendment claims in connection with his allegations that defendants Turner and Virga assigned him to an upper bunk despite his lower bunk chrono and that defendant Turner failed to summon medical attention for him after he had fallen while attempting to gain access to his upper bunk. Specifically, the evidence before the court on summary judgment now establishes that plaintiff never properly exhausted his claims by submitting an inmate appeal on the issues about which he now complains of prior to filing this civil rights action. Moreover, plaintiff has not carried his burden of establishing that he should be excused from the exhaustion requirement.

First, defendants' evidence establishes that plaintiff never submitted an inmate appeal containing the claims he now presents in this civil rights action. As described above, defendants have submitted evidence that CDCR's inmate appeals process was available to plaintiff at his institution at the time of the alleged events. Defendants have also submitted evidence to show that plaintiff submitted only one inmate appeal related to the facts of this case, Appeal Log No. SAC-09-01694. He submitted that inmate appeal on October 6, 2009, the day after plaintiff fell while attempting to gain access to the upper bunk. In the section of the form inmate appeal where plaintiff is asked to "Describe Problem", plaintiff wrote that CDCR was being deliberately indifferent to his safety by failing to provide him with adequate means to gain access to his top bunk and explained that he had fallen and suffered serious injuries as a result. Plaintiff maintained that prison officials were aware for years that forcing prisoners to jump up and down on a stool to gain access to a top bunk increased the risk of injuries to inmates. In the "Action Requested" section of the form inmate appeal, plaintiff requested installation of metal ladders in all state prison cells and financial compensation. (Briggs Decl. Ex. C, Burnett Ex. B.)

The Ninth Circuit has held that in order to satisfy the exhaustion requirement, a prisoner is not required to allege every fact necessary to state or prove a legal claim in his administrative appeal. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). At a minimum, however, a prisoner must "provide enough information . . . to allow prison officials to take appropriate responsive measures." Id. at 1121. See also McCollum v. Cal. Dep't of Corrs. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011) ("While an inmate need not articulate a precise legal theory, 'a grievance [only] suffices if it alerts the prison to the nature of the wrong for which redress is sought.'") (quoting Griffin, 557 F.3d at 1120).

In this case, plaintiff does not appear to dispute and the undersigned therefore finds that inmate Appeal Log No. SAC-09-01694 did not exhaust his Eighth Amendment claims against defendants Turner and Virga. In that appeal, plaintiff did not complain that defendants assigned him to an upper bunk contrary to his lower bunk chrono or that defendant Turner failed to summon medical attention for him after he had fallen in his cell on October 5, 2009. In this regard, plaintiff did not include sufficient detail to put prison officials on notice of plaintiff's claims against defendants. See Cal. Code. Regs. tit. 15, § 3084.2(a)(4) ("The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment."). In addition, although plaintiff mentioned in his inmate appeal at the second level of review that he had a lower bunk chrono, he needed to bring to the attention of prison officials any facts with respect to his chrono on his originally-submitted inmate appeal form in order to exhaust a claim based on those facts. See id. § 3084.1 ("Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602."). See also Sapp, 623 F.3d at 825 (prison officials properly "screened out" and declined to consider a complaint about prisoner's eye condition that he raised for the first time in a second level appeal).

Given the evidence submitted by defendants in support of their motion for summary judgment, the burden of production shifts to plaintiff to establish that he should be excused from the exhaustion requirement. See Albino, 747 F.3d at 1172. On defendants' motion for summary

judgment, the court is required to draw all reasonable inferences from the evidence before the court in plaintiff's favor. The court has reviewed plaintiff's complaint and his opposition to defendants' motion for summary judgment. Based on the evidence now presented, the court concludes that plaintiff has not submitted sufficient evidence on summary judgment to create a genuine issue of material fact with respect to his claim that administrative remedies were effectively unavailable to him.

The Ninth Circuit has held that a court may excuse a prisoner from complying with the exhaustion requirement when prison officials render administrative remedies effectively unavailable even if prison officials did not act in bad faith in doing so. See Sapp, 623 F.3d at 822; Nunez, 591 F.3d at 1224. In this case, plaintiff maintains that he submitted an inmate appeal that allegedly included his claims against defendants, but prison officials never answered his complaint nor responded to his efforts to follow-up on that appeal. (Pl.'s Answer to Defs. SUDF at 14-20 & Pl.'s Decl. at para. 5.) However, plaintiff has not provided this court with any evidence that he ever submitted such an inmate appeal, such as a copy of the appeal or any of the follow-up correspondence he contends he submitted to prison officials. Nor has plaintiff specified who he submitted this inmate appeal to, when he submitted it, what details the inmate appeal contained, or any of the other circumstances surrounding his alleged submission of such an inmate appeal. Plaintiff also has not explained the circumstances surrounding prison officials' alleged refusal to answer the inmate appeal or when, how, or with whom he followed-up with about this appeal. In this regard, plaintiff's conclusory and unsupported declaration and contentions are insufficient to meet his burden of production on summary judgment to show that prison officials rendered administrative remedies unavailable to him.

Finally, the court notes that it is undisputed that plaintiff submitted Appeal Log No. SAC C 10-00126 to prison officials at CSP-Sacramento in January 2010. (Burnett Decl. Ex. D.) In that appeal, plaintiff complained that prison officials had refused to answer a number of his inmate appeals. (Id.) Plaintiff included a list of "UNANSWERED APPEALS" he had allegedly submitted as early as September 2009. (Id.) Prominently missing from plaintiff's January 2010 list is any inmate appeal related to defendants Turner and Virga's alleged misconduct. Plaintiff

has not addressed nor attempted to in any way explain in his opposition to defendants' motion for summary judgment why he did not list in January of 2010 the inmate appeal that he now claims he submitted but went unanswered.

Where, as here, the undisputed evidence viewed in the light most favorable to the plaintiff demonstrates a failure to exhaust, the court should grant defendants' motion for summary judgment. Albino, 747 F.3d at 1166. Plaintiff has not carried his burden of production to show that available administrative remedies are effectively unavailable to him. Id. at 1172. Accordingly, defendants' motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies prior to filing suit should be granted.[1]

## OTHER MATTERS

As to plaintiff's state law claims, a district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate, Civ. No. S–09–3074 FCD KJM, 2010 WL 729499 at *1 (E.D. Cal. Mar. 2, 2010). Here, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction. Therefore, the undersigned will recommend that this federal court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

---

[1] In light of the recommendation set forth herein, the undersigned declines to address defendants' alternative arguments that they are entitled to summary judgment in their favor based on the merits of plaintiff's claims and/or the affirmative defense of qualified immunity.

11

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion for summary judgment filed on behalf of defendants Turner and Virga based on plaintiff's failure to exhaust administrative remedies prior to filing suit as required (Doc. No. 96) be granted;

2. The court decline to exercise supplemental jurisdiction over any state law claims and dismiss any state law claims without prejudice to plaintiff re-filing them in state court; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 23, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brid2971.57fte